IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SALAAM JOHNSON,                                    AMENDED
                                                   OPINION and ORDER
                    Plaintiff,
                                                   10-cv-316-slc[1]
          v.

BOARD OF SUPERVISORS LEGISLATIVE
PERSONNEL OF GRANT COUNTY,
BOSCOBEL, WISCONSIN; RICK RAEMISCH;
PETER HUIBREGTSE (Warden);
LIEUTENANT PRIMMER;
LIEUTENANT HANFELD; ELLEN K. RAY (ICE);
GARY BOUGHTON (Deputy Warden/ICE);
TOM GOZINSKE (CCE); ISMAEL OZANNE (OOS);
and GRANT COUNTY BOARD OF SUPERVISORS;

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

          In this prisoner civil rights case, plaintiff Salaam Johnson contends that defendants

are violating his constitutional rights in assorted ways.  Plaintiff has requested leave to

proceed without prepayment of fees and has paid the required initial partial filing fee.  In

addition, plaintiff has filed a motion for leave to amend his complaint to alter his request for

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

relief.

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed on his case if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

I will grant plaintiff leave to proceed on his claim that defendants Lieutenant Hanfeld, Gary Boughton and Ellen K. Ray violated his First Amendment rights by taking away his electronics for 65 days.  I will dismiss his remaining claims, which include claims that defendants "operated outside" statutory and administrative laws, performed an "unjust taking of electronics" and retaliated against him for participating in the inmate complaint review system.  In addition, I will dismiss the following defendants from the action: defendants Board of Supervisors Legislative Personnel of Grant County, Boscobel, Wisconsin, Rich Raemisch, Peter Huibregste, Tom Gozinske, Ismael Ozanne and Grant County Board of Supervisors.  None of these defendants are alleged to have personal involvement in the alleged violations, but instead played either supervisory roles or considered plaintiff's complaints or appeals on completed acts.

2

Of the dismissed claims, there is one claim that plaintiff might be able to repair.  His claim that defendants Primmer and Hanfeld retaliated against him for participating in the inmate complaint review system fails because it violates Fed. R. Civ. P. 8, which means plaintiff does not include enough information to put defendants on notice about why plaintiff thinks defendants Primmer and Hanfeld retaliated against him.  Plaintiff may have until August 25, 2010 to file a supplement to his complaint to fix this problem.  If he chooses to do so, he should pay close attention to the instructions provided in the opinion below.

OPINION

A.  Retaliation

I cannot reach the merits of plaintiff's claim for retaliation at this time because he does not include enough detail about this claim in his complaint to satisfy Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief "plausible" on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); Aschcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that the plausibility standard set forth in Twombly applies to "all civil actions").  For a complaint to state a "plausible" claim

3

for relief under Twombly and Iqbal, the complaint must include enough detail about what each defendant did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of his claims after he has an opportunity to fully investigate them. Bell Atlantic Corp., 550 U.S. at 555; Riley v. Vilsack, 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009). In determining whether the details in the complaint satisfy this standard, a district court should disregard "mere conclusory statements" and consider only the factual allegations. Iqbal, 129 S. Ct. at 1949.

The problem with plaintiff's complaint is one common to many pro se litigants' first attempts at filing a complaint: rather than tell a story about what happened to him and who did it, plaintiff offers only conclusory statements connecting defendants with his claims. In other words, plaintiff offers only *his conclusions* about what the defendants' actions amounted to and does not provide the facts of the incidents themselves. For example, plaintiff describes an incident on November 20, 2009 as "a willful and malicious intent to injur[e] the inmate plaintiff through unfair motivations implementing an unjust retaliation by way of conduct report . . . written by [defendant] Lt. Primmer signed 10-27-09" and later explains that this was the date on which defendant Hanfeld found plaintiff guilty of lying about staff "for participating in the inmate complaint review system." Plaintiff's statements that the actions were "willful," "malicious," "unfair" or "unjust" are not facts, but rather his conclusions. So is the statement that Hanfeld found him guilty for his "participation" in the

4

inmate complaint review system.

Of course, the presence of conclusory statements alone does not mean a plaintiff's complaint fails to give adequate notice to defendants under Rule 8.  The real question is, when the complaint is "scrubbed" of all these conclusory statements, is there enough left to tell defendants what plaintiff says they did wrong?  <u>Iqbal</u>, 129 S. Ct. at 1949.  Scrubbing plaintiff's complaint leaves nothing to support a retaliation claim.  Plaintiff mentions vaguely a "peeping tom incident" (whatever that is) orchestrated by other prison staff that seems to have started the whole problem.  According to plaintiff, after the incident he filed a complaint about the incident and the complaint was dismissed.  After the complaint was dismissed, defendant Primmer gave plaintiff a conduct report for lying about staff and on November 20, 2009, defendant Hanfeld found plaintiff guilty of the charge and took away his electronics for 65 days.

Nowhere in the facts does plaintiff identify his reasons for thinking defendants Primmer and Hanfeld charged and convicted him for lying to staff in retaliation for his earlier participation in the inmate complaint review system.  The mere fact that the charge and conviction followed his participation does not allow a court to conclude that these defendants had any improper motive when charging and convicting him.  Because only speculation supports the claim, plaintiff's retaliation claim against defendants Primmer and Hanfeld must be dismissed for his failure to comply with Rule 8.

5

Rule 8 problems are often fixable.  Therefore, I will give plaintiff an opportunity to supplement his complaint to describe the facts that support his conclusion that defendants Primmer and Hanfeld charged and convicted him of lying about staff in retaliation for his participation in the inmate complaint review system.  He may have until August 25, 2010 in which to do so.

If plaintiff decides to supplement his complaint, he should stick to providing *facts* that support his claim.  The difference between factual allegations and conclusory allegations can sometimes be confusing to pro se litigants, but plaintiff should be able to distinguish between the two if he keeps the following point in mind:  as a general rule, conclusory allegations are what plaintiff *thinks* about a particular thing or act (so-and-so was willful or malicious or made a decision that was unfair or retaliatory) and factual allegations are what was or may have been *observed* about the thing or act (so-and-so said "I don't like you" or made the following comments that suggest he was acting out of bad motives or he ruled against me despite the following facts supporting my case).  Generally, the factual allegations that replace a conclusory allegation should be facts that explain *why* plaintiff has reached those conclusions (I think so-and-so was malicious *because* he said "I don't like you" and then ruled against me).

### B.  First Amendment

The results for plaintiff's First Amendment claim are different because plaintiff has alleged sufficient facts to support that claim.  Plaintiff alleges that Hanfield took away his electronics for 65 days as discipline for the charge of lying to staff.  According to plaintiff, such a deprivation of his ability to use electronics interferes with his ability to keep himself informed and receive adequate news.  The Supreme Court has recognized that inmates retain a limited constitutional right to receive information that originates outside the prison.  E.g., Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987); Procunier v. Martinez, 416 U.S. 396 (1974); Pell v. Procunier, 417 U.S. 817 (1974). Inmates' rights to receive information from outside the prison are limited by Turner, 482 U.S. at 98, which allows prisons to restrict a prisoner's First Amendment right to free speech if such a restriction is "reasonably related to legitimate penological interests."

The determination whether restrictions on a prisoner's right to receive information from outside the prison satisfy Turner involves weighing: (1) whether there is a "valid, rational connection" between the restriction and a legitimate governmental interest; (2) whether the prisoner retains alternatives for exercising the right; (3) the effect that accommodation of the right will have on prison administration; and (4) whether there are other ways that prison officials can achieve the same goals without encroaching on the right. Id. at 89-90.  Among other things, it matters whether prison regulations "operate[] in a

7

neutral fashion without regard to the content of the expression." Id. at 90.

Under the Turner test, it appears likely that defendants will be able to assert a "legitimate penological interest" in taking away electronics for a period to discipline plaintiff if they believed he lied to staff.  However, now is not the time to make that determination. As the court of appeals has explained, district courts should wait until summary judgment to determine whether there is a reasonable relationship between a restriction and a legitimate penological interest because an assessment under Turner requires a district court to evaluate the prison officials' particular reasons for the restriction.  E.g., Ortiz v. Downey, 561 F.3d 664, 669-70 (7th Cir. 2009) (holding that it was error for district court to conclude without evidentiary record that policy was reasonably related to legitimate interest); Lindell v. Frank, 377 F.3d 655, 658 (7th Cir. 2004) (same).  Accordingly, I will allow plaintiff to proceed on a claim that defendant Hanfield violated his First Amendment rights by taking away his electronics for 65 days.

The next question is, does plaintiff have a First Amendment claim against any other defendant?  In particular, plaintiff identifies defendant Primmer, who wrote the conduct report leading to the disposition, several defendants involved in his appeal of the disposition and defendants involved in reviewing a complaint related to the electronics restriction.

As for defendant Primmer, there is no suggestion that he participated in any way in taking away plaintiff's electronics.  Because he was not involved in determining the

8

disposition plaintiff would receive, he cannot be held liable for simply setting up the charge that led to the allegedly unconstitutional restriction.  Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (liability under § 1983 reaches only to defendants personally involved in constitutional violation).

The defendants who reviewed plaintiff's appeal or inmate complaint involve a more complicated analysis.  Each of these defendants were "involved" in his loss of electronics, in that each were faced with plaintiff's request for relief from the restriction.  At least while plaintiff was still subject to the 65-day disposition, any such reviewer could have stopped the disposition as a function of either reversing the appeal or affirming the complaint and ordering the disposition vacated.  Of course, after plaintiff had served his 65 days, any defendant facing a request for review was not involved in the alleged violation, which had been completed.

Plaintiff alleges that he received the 65-day disposition on November 20, 1999 and that defendants Gary Boughton and Ellen K. Ray reviewed his appeal or his complaint at one level or another before 65 days had passed.  However, as for defendants Tom Gozinske and Ismael Ozanne, their review did not happen until after more than 65 days had passed from the November 20 disposition (on January 28, 2010 and April 16, 2010, respectively).  Thus, these defendants' only involvement was in considering the legality of a completed act.  As the Court of Appeals for the Seventh Circuit has explained, "a guard who rejects an

administrative complaint about a completed act of misconduct does not" violate the Constitution.  George v. Smith, 507 F.3d 605, 610 (7th Cir. 2007).

Because the facts support an inference that defendants Boughton and Ray reviewed plaintiff's request for relief from the alleged First Amendment violation before the punishment was completed, plaintiff may proceed on his First Amendment claims.  On the other hand, because defendants Gozinske and Ozanne became involved only after the violation had completed, I will dismiss plaintiff's claim against these defendants.

## C.  "Unjust Taking"

Plaintiff does not explain what he means by"unjust taking" of electronics, but it appears that he is complaining about losing his right to use electronics.  In the alternative, plaintiff could be complaining about having his own electronics items taken away.  (He never alleges that he had any electronics items taken away, but for the sake of this order I assume he meant to say as much.)  In either case, the only constitutional violation related to this concern would be a right to due process.

To the extent plaintiff is complaining about losing his right to use electronics, this loss of a privilege does not give rise to a right to process.  The due process clause does not entitle a prisoner to process every time he loses a privilege or is taken to more restrictive cell conditions.  Unless the change in circumstances "impose[s] atypical and significant hardship

10

on the inmate in relation to the ordinary incidents of prison life," <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995), "the state is free to use any procedures it chooses, or no procedures at all." <u>Montgomery v. Anderson</u>, 262 F.3d 641, 644 (7th Cir. 2001). Losing a privilege like electronics for 65 days cannot be called "atypical and significant."

In any event, with respect to either claim, plaintiff received process. He alleges that he received a conduct report and later had a hearing on the matter before he lost electronics. He may not have liked the result, but it does not violate due process to decide against a prisoner. Because plaintiff received adequate procedural protections, he fails to state a claim for any due process violation.

D.  <u>Remaining Defendants</u>

Plaintiff is suing several defendants who play no direct role in the alleged constitutional violations.  These include defendants Board of Supervisors Legislative Personnel of Grant County, Boscobel, Wisconsin, Rick Raemisch, Peter Huibregste and Grant County Board of Supervisors.  According to plaintiff, each of these defendants should be held liable because they were in supervisory positions when the bad acts occurred.  Under § 1983, this sort of "involvement" is not enough.  Section 1983 requires "personal involvement," which means the defendant must have at least "know[n] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye" to it.  <u>Gentry</u>, 65

11

F.3d at 561.  "Should have known" is not enough.  Because none of these defendants were personally involved in any alleged constitutional violation, I will dismiss plaintiff's claims against these defendants.

ORDER

IT IS ORDERED that

1.  Plaintiff Salaam Johnson's request for leave to proceed is GRANTED on his claim that defendants Lieutenant Hanfeld, Gary Boughton and Ellen K. Ray violated his First Amendment rights for their involvement in taking away his electronics for 65 days.

2.  The following claims of plaintiff's are DISMISSED with prejudice for his failure to state a claim upon which relief may be granted:

   a.  plaintiff's claim that defendants Board of Supervisors Legislative Personnel of Grant County, Boscobel, Wisconsin; Rick Raemisch; Peter Huibregste; Lieutenant Primmer; Tom Gozinske; Ismael Ozanne; and Grant County Board of Supervisors violated his First Amendment rights for their involvement in taking away his electronics for 65 days; and

   b.  plaintiff's claim that defendants Board of Supervisors Legislative Personnel of Grant County, Boscobel, Wisconsin; Rick Raemisch; Peter Huibregste; Tom Gozinske; Imsael Ozanne; and Grant County Board of Supervisors retaliated against

12

him for participating in the inmate complaint review system.

3.  Plaintiff's claim that defendants Primmer and Hanfeld retaliated against him for participating in the inmate complaint review system is DISMISSED without prejudice for violating Fed. R. Civ. P. 8.  Plaintiff may have until August 25, 2010 to file a supplement to his complaint to address the Rule 8 problems with his claim against Primmer and Hanfeld.

4.  With respect to defendants Board of Supervisors Legislative Personnel of Grant County, Boscobel, Wisconsin; Rick Raemisch; Peter Huibregste; Tom Gozinske; Ismael Ozanne; and Grant County Board of Supervisors, plaintiff's complaint is DISMISSED.

5.  For the remainder of this lawsuit, plaintiff must send defendants a copy of every paper or document that he files with the court.  Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants.  The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

6.  Plaintiff should keep a copy of all documents for his own files.  If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7.  Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today

13

to the Attorney General for service on the state defendants.  Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint for the defendants on whose behalf it accepts service.

8.  Because I have dismissed a portion of plaintiff's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against plaintiff.

9.  Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).  This court will notify the warden at the Wisconsin Secure Program Facility of that institution's obligation to deduct payments until the filing fee has been paid in full.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

14