IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SALAAM JOHNSON,

                                                                     ORDER

                Plaintiff,

                                                 10-cv-316-slc[1]

     v.

LIEUTENANT PRIMMER;
LIEUTENANT HANFELD; ELLEN K. RAY (ICE);
and GARY BOUGHTON (Deputy Warden/ICE);

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has filed an "objection under Rule 72(b)," which is used to challenge recommendations of a magistrate judge. However, although this case has been assigned to Magistrate Judge Stephen L. Crocker, I assumed jurisdiction over the case for the purpose of screening it, so Rule 72(b) does not apply. What plaintiff is seeking is a motion for reconsideration, his second on the same issue. I will deny that motion.

      Plaintiff tries once again to revive his claims for unjust taking and "operating outside the statutes" and challenges dismissal of several defendants as to whom he failed to identify

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

1

any personal involvement.  (He also argues that I used the wrong pleading standard when deciding that he may proceed on his retaliation claim.  Because I am allowing him to proceed on this claim, it is unnecessary to address this argument.)  None of his arguments are persuasive.  With respect to plaintiff's unjust takings claim, I told him that he could not proceed because he had to first attempt to pursue compensation in state proceedings or show that no proceedings allowed such compensation.  His response is that he has exhausted his prison remedies.  However, that is irrelevant.  Compensation is never available through the prison's administrative process, but it is available through other mechanisms.  In particular, Wis. Stat. ch. 893 contains provisions for recovering damages for wrongfully taken or detained personal property and for the recovery of the property.  Plaintiff has not suggested that he attempted to pursue compensation by this method before bringing his takings claim.

Next, plaintiff challenges the dismissal of several defendants who he now suggests may have been involved in the grievance procedure.  Neither his complaint nor his motion for reconsideration explained how these individuals were involved at all and even now plaintiff does not specify what role any of the dismissed defendants played in the grievance process.

Plaintiff's primary argument for revival of his claim for "operating outside of the statutes" makes no sense. He points to a Supreme Court case from 1873 that stands for the position that "if it is proved that any vessel has not shown lights, the burden lies on her to show that non-compliance with the regulations was not the cause of the collision."  The

Pennsylvania, 86 U.S. 125, 136 (1873). Plaintiff uses this case to support his view that "the burden lies" on defendants to show that their alleged violations of the department regulations did not also violate federal law, but there is no basis for stretching the old case that way and it would make no sense to require a defendant to prove up a question of law that can and must be decided at screening in prisoner lawsuits such as this one. The other argument plaintiff makes is that the department regulations are "constitutional." This seems to be an argument that these regulations arise under the constitution, or give rise to constitutional concerns if they are not followed. In and of themselves, they do not.

In sum, none of plaintiff's arguments are persuasive. Plaintiff has now tried twice to revive these claims and failed. It is time to move on. Plaintiff can expect that further attempts to revive these claims will be rejected without discussion.

ORDER

IT IS ORDERED that plaintiff Salaam Johnson's "objection under Rule 72(b)," properly construed as a motion for reconsideration, dkt. #24, is DENIED.

Entered this 30th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3